COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-08-208-CR

 

 

ALLEN FITZGERALD CALTON                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Allen Fitzgerald Calton appeals the trial court=s denial
of his motion for DNA testing.  Because
the trial court did not err by denying his request for DNA testing, we affirm
the trial court=s order.








Appellant
was convicted of attempted murder.  He
appealed his conviction, and this court affirmed the conviction.[2]  Appellant also filed seven applications for
writ of habeas corpus in the trial court, and the Texas Court of Criminal
Appeals cited the final application for abuse of the writ.[3]  Appellant also filed an application for writ
of habeas corpus in federal court; it was denied on December 1, 2008.[4]








Subsequently,
Appellant filed his motion for DNA testing. 
The State filed its response and proposed findings, and the trial court
adopted the State=s proposed findings.  Appellant argues that the trial court abused
its discretion by considering his tacit admission of guilt in denying his
motion for DNA testing.  The State argues
that the trial court=s consideration of the fact that
Appellant has never alleged that he did not commit the offense was proper
because the statute requires that Appellant prove that identity was or is at
issue to be entitled to DNA testing.[5]  The State also argues that Appellant=s motion
for DNA testing was properly denied because Appellant=s motion
failed to meet the requirement of chapter 64 in that Appellant failed to prove
that identity was at issue,[6]
that newer DNA testing techniques exist that would provide more accurate and
probative results,[7]
and that he would not have been convicted had exculpatory DNA results been
obtained.[8]

In
denying Appellant=s request for DNA testing, the
trial court adopted the State=s
proposed findings of fact and conclusions of law:

                                       FINDINGS
OF FACT

1.     [Appellant] was convicted by a jury of the
second degree felony offense of attempted murder on May 19, 2004. 

 

2.     The jury found the habitual offender
allegations true and assessed punishment at confinement for life in the Texas
Department of Criminal Justice C Institutional Division. 

 

3.     The jury also made an affirmative weapon
finding.

 

4.     The Second Court of Appeals affirmed
[Appellant=s] conviction.

 

5.     The Second Court of Appeals summarized the
facts of this offense as follows:

 








On the night of April 23,
2002, [Appellant] drove to Everett Angle=s home to speak with him.  When [Appellant] pulled up to Angle=s house, Craig Tate[,]
who was working outside, went inside and told Angle that [Appellant] was
outside waiting for him.  Angle walked
outside to [Appellant=s] car and had what
appeared to be a friendly discussion with [Appellant].  During their conversation, Angle looked back
at Tate and asked him to put away the lawn mowers.  At that time, [Appellant] got out of his car,
approached Angle, and shot him in the face. 
When Angle fell to the ground, [Appellant] stood over him and shot him
again.  The second shot glanced off
Angle's skull.  [Appellant] fired at
Angle=s head a third time and
then got back into his car and drove away.

 

Later that night,
[Appellant] engaged in a lengthy high-speed chase with police officers.  The chase culminated with [Appellant] driving
his car into White Rock Lake.  He was charged
with the attempted murder of Angle. 
[Appellant] represented himself at trial and a jury found him guilty of
attempted murder and sentenced him to life in prison.

 

6.     [Appellant] has not requested appointment
of counsel.

 

7.     [Appellant] represented himself at trial.

 

8.     It is reasonable to conclude that
[Appellant] does not want to be appointed counsel on this motion.

 

9.     The State confirms that evidence exists
that might contain biological material.

 

10.   This evidence includes a cutting from a front
seat, a slipper, and blood samples from both [Appellant] and the [complainant].

 








11.   DNA testing was done in 2002 and 2004 but
produced no results due to an insufficient amount of genetic information.

 

12.   [Appellant] presents no evidence or
documentation to support his claim that Orchid Cellmark Ahas a more advanced
testing procedure in place that will in all probability yield conclusive
results with the minuscule amount of all available evidence.@

 

13.   [Appellant] has failed to prove that there
exists a reasonable likelihood that Orchid Cellmark=s testing techniques
would produce results based on the minuscule amout of DNA that previously was
insufficient.

 

14.   [Appellant] does not allege that he did not
commit the offense.

 

15.   At trial, the defense was that [Appellant]
was hypoglycemic and therefore failed to have the Arequisite mental state
mens rea necessary@ to intentionally commit
the offense.

 

16.   [Appellant=s] defense was not that he was not involved in
the offense.

 

17.   [Appellant] argued that he may have done it
in Aself-defense.@

 

18.   [Appellant] makes no claim in his Motion for DNA
Testing, or in his attached Declaration that (1) he did not commit the offense,
(2) the DNA testing would prove that he did not commit the offense, or (3) that
DNA testing would prove his innocence.

 

19.   The evidence in the State=s possession includ[es] a
slipper taken from the crime scene and cuttings from [Appellant=s] car.

 








20.   [Appellant] does not allege, nor does he
present any evidence, that the perpetrator=s DNA would have been found on the slipper at the
crime scene.

 

21.   [Appellant] does not allege that DNA testing
would produce exculpatory results.

 

22.   [Appellant] does not allege that DNA testing
would prove his innocence.

 

23.   [Appellant] has failed to prove by a
preponderance of the evidence that the lack of [his] DNA on the slipper would
prove his innocence.

 

24.   [Appellant] has failed to prove by a
preponderance of the evidence the presence of someone else=s DNA on the slipper
would prove his innocence.

 

25.   [Appellant] has failed to prove by a
preponderance of the evidence that the lack of [his] DNA in [his] vehicle would
prove his innocence.

 

26.   [Appellant] has failed to prove by a
preponderance of the evidence that . . . the presence or lack of the
[complainant=s] DNA in [Appellant=s] car would prove his
innocence.

 

27.   [Appellant] has failed to prove by a
preponderance of the evidence that the presence of someone else=s DNA in [Appellant=s] car[] would prove
[Appellant=s] innocence.

 

 

                                    CONCLUSIONS OF LAW

 

1.     The Court of Criminal Appeals has held that
appointment of counsel is required if requested and the court finds reasonable
grounds for a motion for DNA testing to be filed and that defendant is
indigent.

 

2.     [Appellant] has not requested appointment
of counsel.

 








3.     (a) A convicting court may order forensic
DNA testing under this chapter only if:

(1) []the court finds
that:

(A) . . . 

(B) identity was or is an
issue in the case.

 

4.     [Appellant] has failed to allege that
identity is or was an issue in this case.

 

5.     The trial court may order DNA testing if it
finds, among other things, that the convicted person establishes by a
preponderance of the evidence that he would not have been convicted if
exculpatory results had been obtained through DNA testing.

 

6.     The defendant must show that the absence of
DNA evidence would prove his innocence and not merely Amuddy the waters.@

 

7.     In order to be entitled to DNA testing, a
defendant must show Athere is a 51% chance
that@ he would not have been
convicted.

 

8.     The slipper and clippings from the car have
already been tested and there were no results due to insufficient genetic
information.

 

9.     To be considered for DNA re-testing, a
defendant must demonstrate that items previously subjected to DNA testing can
now be subjected to Anewer testing techniques
that provide a reasonable likelihood of results that are more accurate and
probative than the results of the previous test.@

 

10.   [Appellant] has not demonstrated that newer
testing techniques would provide more accurate and probative results than the
previous test.

 

11.   Absence of [Appellant=s] DNA on the slipper
would not prove [his] innocence.

 








12.   Absence of [Appellant=s] DNA on the cuttings
taken from his car would not prove [his] innocence.

 

13.   Absence of [Appellant=s] DNA evidence would
merely Amuddy the waters.@

 

14.   Absence of [Appellant=s] DNA evidence would not
prove [his] innocence.

 

15.   [Appellant] has failed to show that Athere is a 51% chance
that@ he would not have been
convicted.

 

16.   [Appellant] is unable to prove by a
preponderance of the evidence that he would not have been convicted had
exculpatory results been obtained through additional DNA testing. 

 

17.   This Court DENIES [Appellant=s] motion for DNA
testing.

 

[Citations
omitted.]  








A trial
court=s
decision to deny a motion for postconviction DNA testing is reviewed under a
bifurcated standard of review.[9]  We afford almost total deference to the trial
court=s
determination of historical facts and the application of law to those fact
issues that turn on credibility and demeanor.[10]  We review de novo the ultimate question of
whether the trial court was required to grant a motion for DNA testing under chapter
64 of the Texas Code of Criminal Procedure.[11]

The
Texas Court of Criminal Appeals stated in Bell v. State that A[t]his
Court=s recent
review of the legislative history of Chapter 64 indicates that the legislature
intended to require that a convicted person demonstrate to the trial court that
a reasonable probability exists that DNA tests would prove his or her
innocence.@[12]  The court further stated that Aa court
must order testing only if the statutory preconditions are met.@[13]

A trial
court must order DNA testing if (1) the trial court finds that the evidence
still exists and is in a condition to make DNA testing possible, that it has
been subjected to a chain of custody sufficient to establish that it has not
been substituted, tampered with, replaced, or altered in any material respect,
and that identity was or is an issue in the case; and (2) the convicted person
establishes beyond a preponderance of the evidence that he would not have been
convicted if exculpatory results had been obtained through DNA testing and that
the request for the proposed DNA testing is not made to unreasonably delay
execution of sentence or administration of justice.[14]








Here,
the evidence does exist and is in a condition to make DNA testing
possible.  The evidence has been
adequately protected.  There is no
showing, however, that identity was or is an issue in this case.  Additionally, while testing occurred of
evidence found in the front seat of Appellant=s car,
there is no showing that any other person committed the offense and was in the
car where the material subjected to DNA testing was found.  Consequently, there is also no evidence that
Appellant would not have been convicted if the DNA testing had connected the
DNA sample to another person.  We
therefore hold that Appellant has failed to sustain his burden and that the
trial court was not required to order further DNA testing.  We overrule Appellant=s sole
point and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL: 
DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: April 9, 2009

 











[1]See Tex. R. App. P. 47.4.





[2]Calton v. State, No. 02‑04‑00228‑CR,
2005 WL 3082202 (Tex. App.CFort Worth Nov. 17, 2005, pet. withdrawn) (mem.
op., not designated for publication).





[3]Ex parte Calton, No. WR‑65590‑13,
2008 WL 2223894, at *1 (Tex. Crim. App. May 28, 2008, order) (not designated
for publication).





[4]Calton v. Quarterman, No. 4: 07‑CV‑471‑Y,
2008 WL 5083022, at *15 (N.D. Tex. December 1, 2008) (not designated for
publication).





[5]See Tex. Code Crim. Proc.
Ann. art. 64.03(a)(1)(B) (Vernon Supp. 2008).





[6]See id.





[7]See id. art. 64.01(b)(2).





[8]See id. art. 64.03(a)(2)(A). 





[9]Rivera v. State, 89 S.W.3d 55, 59 (Tex.
Crim. App. 2002).





[10]Id.





[11]See id.





[12]90 S.W.3d 301, 306 (Tex.
Crim. App. 2002).





[13]Id.





[14]Tex. Code Crim. Proc.
Ann. art. 64.03(a)B(c).